SAGINAW TOWNSHIP v STANULIS

OPINION OF THE COURT

1. EMINENT DOMAIN—ARGUMENTS TO JURY—TAXPAYERS—RESENT-
   MENT—PREJUDICE—APPEAL AND ERROR.

   It is improper for governmental counsel to argue to a condemna-
   tion jury that they as taxpayers will ultimately bear the cost of
   a compensation award or that the jurors as taxpayers should
   feel resentful because the property owner is attempting to
   "hold up" the taxpayers by seeking an inordinate amount for
   his property.

2. EMINENT DOMAIN—INJECTION OF PREJUDICE—CALCULATION AND
   DELIBERATION—MISMATCH OF COUNSEL—APPEAL AND ERROR.

   The deliberate and calculated injection of an inflammatory plea
   to the passions of a jury by governmental counsel was suffi-
   ciently prejudicial to require reversal of a condemnation award,
   especially where the defendant, proceeding as his own attorney,
   was completely mismatched against plaintiff's experienced
   counsel.

DISSENT BY M. J. KELLY, J.

3. APPEAL AND ERROR—EMINENT DOMAIN—PREJUDICE—PRESERVING
   QUESTION—HARMLESS ERROR.

   *A claim of prejudice in the closing remarks of counsel in a
   condemnation proceeding is not properly preserved for appeal
   where the defendant, acting in propria persona, failed to record
   an objection, the remarks, although prejudicial, were brief and
   did not constitute a theme calculated to pursuade the jury to
   place its own interests in advance of its oath, and the remarks*

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 27 Am Jur 2d, Eminent Domain §§ 410, 411, 417.
   75 Am Jur 2d, Trial § 300.
   Counsel's appeal in civil case to self-interest of jurors as taxpayers,
      as ground for mistrial, new trial, or reversal. 33 ALR2d 442.
[3] 5 Am Jur 2d, Appeal and Error § 545 *et seq.*
   75 Am Jur 2d, Trial §§ 317, 708.

*were followed by detailed and accurate instructions by the trial court.*

Appeal from Saginaw, Fred J. Borchard, J. Submitted October 15, 1975, at Lansing. (Docket No. 20010.) Decided April 5, 1976.

Petition by Saginaw Township against Joseph S. Stanulis for condemnation of private property for the expansion of a solid waste disposal facility. Judgment for petitioners. Defendant appeals by leave granted. Reversed.

*Crane, Kessel & Crane,* for plaintiff.

*Gilbert, Eaton & Leak,* for defendant.

Before: McGREGOR, P. J. and D. E. HOLBROOK, JR. and M. J. KELLY, JJ.

McGREGOR, P. J. Saginaw Township instituted proceedings against the defendant for the purpose of condemning 3.47 acres of defendant's land in order to expand the township's solid waste disposal facility. At the conclusion of a condemnation hearing in which the defendant appeared *in propria persona,* the jury entered a verdict approving the condemnation and awarding the defendant $4,000 as compensation. On April 1, 1974, the trial court entered a judgment confirming the jury's findings. The defendant now appeals as of right from that judgment.

Defendant raises several issues for our consideration, only one of which need be discussed, as it requires a reversal in this matter.

During his closing argument, plaintiff's attorney made the following statement to the jury:

"So, we come down, then, to the question of value,

and I guess because I pay a lot of taxes, myself, I get a little resentful at being held up and that's how I feel in this case. We are looking to you to not let this happen. We are only asking that you give him a fair value, giving him even the benefit of the doubt and that is $4,000."

This argument is improper for two reasons. First, as a general rule, it is improper to argue to a condemnation jury that they, as taxpayers, will ultimately bear the cost of whatever compensation damages they award. See *Propriety and Effect, in Eminent Domain Proceedings, of Argument or Evidence as to Source of Funds to Pay for Property,* 19 ALR3d 694.

Secondly, the statement strongly implies that the defendant was attempting to "hold up" the taxpayers by seeking an inordinate sum for his property and that, as a result, the jurors, as taxpayers, should feel resentful toward the defendant. We find this statement to be improper and, coming from an attorney representing the public interest, inexcusable.

Having found these remarks to be improper, we are now presented with the issue of whether, under the circumstances of this case, they are sufficiently prejudicial to require the granting of a new trial. Where, as here, the remarks are deliberately injected into the proceedings and constitute an inflammatory plea to the jurors' passions, even though not objected to by the defendant acting *in pro per,* under all of such circumstances, we hold them to be sufficiently prejudicial.

In reaching this result, we are guided by the language of *In re Widening Woodward Ave,* 297 Mich 235, 245–246; 297 NW 468 (1941):

" 'The general principle underlying all these cases is

that the parties are entitled to a fair trial on the merits of the case, uninfluenced by appeals to passion or prejudice.'

\* \* \*

"It is a general principle that remarks calculated to prejudice a jury are improper \* \* \* .

"It is the duty of lawyers to try their lawsuit to the end that justice may prevail. In our opinion, the remarks of counsel were of such a nature as to deflect the attention of the jury from the issues involved and had a controlling influence on its verdict.

"While it is regrettable that this case must be sent back for retrial, with the costs and expenses incident thereto, it is of more importance that a cause be properly tried and that a verdict reflect and evaluate the rights of the interested parties."

Although in a normal case we might make a finding of harmless error as to the improper remarks made by plaintiff's attorney during his closing argument, the deliberate and calculating manner in which these comments were made and the fact that defendant, proceeding as his own attorney, was completely mismatched against plaintiff's experienced counsel, requires us to find reversible error.

Judgment reversed and a new trial granted. Costs to defendant-appellant.

D. E. HOLBROOK, JR., J., concurred.

M. J. KELLY, J. *(dissenting).* The jury in this case in the course of the trial was taken out to view the premises and had ample opportunity to place the property in context with the abutting property and the more expensive property on Center Road and on West Michigan Avenue. I agree with the majority that the remarks in question were prejudicial, however I disagree that reversal is warranted. The offending remarks are brief and do not constitute a

theme calculated to persuade the jury to place its own interests in advance of its oath or indeed in contravention to the detailed instructions delivered by the court at the conclusion of argument.

The determinative point in my mind is that the error could easily have been cured. If defendant-appellant had been represented by counsel I do not believe that the argument presented here would receive such a sympathetic ear. I am disinclined to favor the appellant because of his *in propria persona* status over the posture that would have been presented here, had both sides been represented by competent counsel.

I favor leaving to the trial judge the decision as to whether or not interruption should be made in *in pro per* cases to balance the impact where an attorney would appear to attempt to take unfair advantage over an unrepresented litigant. I would affirm on the basis that no objection to the argument having been made at trial, the issue is not preserved for review, and the trial court correctly covered the elements of damage in its instructions to the jury.